Dear Representative Gautreaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to unfair price discrimination. You question the legality of a chain store doing business in Louisiana selling the same product at a wide variation of prices at different locations in light of R.S. 51:331.
R.S. 51:331 provides as follows:
 No person, doing business in Louisiana, and engaged in the production, manufacture, or distribution of any commodity in general use, who shall, intentionally, for the purpose of injuring or destroying the business of a competitor in any locality, discriminate between different sections, communities, cities, or localities in the state by selling such commodity at a lower rate in one section, community, city, or locality, than is charged for the commodity by such person in another section, community, city, or locality, after making due allowance for the difference if any, in the grade or quality of the commodity and the actual cost of transportation of the commodity from the point of production, if a raw product, or from the point of the manufacture, if a manufactured product. All sales so made shall be prima facie evidence of unfair discrimination.
As this office noted in Atty. Gen. Op. No. 79-842 in regard to the violations of the Sherman Antitrust Act which prohibits contracts, combinations, and conspiracies in restraint of trade of commerce, the type of information exchanged, the combination of different types of information, in addition to the purpose and effect of the exchange by industry members determine whether or not a Sherman Act violation occurs, but "a generalization such as this is subject to qualification; therefore, any individual case will necessarily turn on its particular set of circumstances."
In Atty. Gen. Op. No. 78-98 this office recognized under the Robinson-Patman Act, which prohibits price discrimination between different purchasers of like commodities, that one of the defenses to the charge of price discrimination is that the supplier is trying to meet the lower price of a competitor and is doing so in a good faith. However, this office stated that R.S.51:331 does not contain this good faith meeting competition defense.
We find no cases dealing with this particularly statute, and must respond to a question as to the legality of retailing products at a wide variation of selling prices in different locations in the state with earlier observation that "a generalization such as this is subject to qualification, therefore, any individual case will necessarily turn on its particular set of circumstances". In this regard it is significant to note that the statute does not simply state that a person shall not discriminate between different localities by selling at a lower rate in one locality, but provides no person shall "intentionally, for the purpose of injuring or destroying the business of a competitor" discriminate by selling a commodity at a lower rate.
Thus, under R.S. 51:334 any complaint is to be made to the Secretary of State that a corporation is guilty of unfair discrimination within the terms of the section, and he shall refer the matter to the Attorney General. The Attorney General shall then examine into the complaint and if in his judgment the facts justify the complaint, proceedings shall be instituted against such corporation.
Therefore, while the legality of a chain store doing business in Louisiana retailing products at a wide variation in selling price may appear illegal on its face, a conclusive determination can only be made following complaint to the Secretary of State, referral to the Attorney General for investigation, and institution of proceedings in court for the final determination of discrimination.
We hope this response is sufficient, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 19, 1997
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General